# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BTL INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LA CURVES BODY SCULPTING LLC; ANAIS LARIOS <br><br> Defendants. | CASE NO. CV 23-3497-GW-JPRx <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION** |

WHEREAS, the Court has considered the Motion for Entry of Default Judgment and Permanent Injunction filed by Plaintiff BTL Industries, Inc. against Defendants La Curves Body Sculpting LLC and Anais Larios and all supporting papers, and with good cause appearing for same, it is HEREBY ORDERED, ADJUDGED and DECREED that:

1. The Court has subject matter and personal jurisdiction over this action and the parties.

2. Venue is proper before this District.

3. Judgment is entered on the First Amended Complaint brought by Plaintiff BTL Industries, Inc. against Defendants LA Curves Body Sculpting LLC; and Anais Larios ("Defendants") on all causes of action brought against them, as follows:

   a. Judgment is entered for Plaintiff and against Defendants on the first cause of action for infringement of Patent No. 9,636,519.

   b. Judgment is entered for Plaintiff and against Defendants on the second cause of action for trademark infringement under 15 U.S.C. § 1114.

   c. Judgment is entered for Plaintiff and against Defendants on the third cause of action for federal unfair competition, false designation of origin, and false advertising under 15 U.S.C. § 1125.

   d. Judgment is entered for Plaintiff and against Defendants on the fourth cause of action for common law trademark infringement and unfair competition.

4. The Court finds that Defendants have infringed BTL's U.S. Patent No. 9,636,519 by using, selling, offering to sell, making, and/or importing into the United States the Infringing Products identified in the Complaint.

5. The Court finds that the BTL Trademarks, including the EM, EMSCULPT, and HIFEM trademarks and including U.S. Trademark Registration Nos. 5,572,801; 6,069,279; 6,206,098; 5,915,636; and 5,688,619, are valid and protectable, and that Defendants have, without authorization, used the BTL Trademarks and colorable imitations thereof in connection with the promotion, marketing, advertising, offering for sale, or selling of Defendants' devices and services.

6. The Court finds that Defendants' unauthorized use of EMSCULPT, EMS SCULPT, EMS SCULPTING, EMS SLIMPRO, and HIFEM in connection with the promotion, marketing, advertising, offering for sale, or selling of Defendants' devices and services is likely to cause confusion among the consuming public as to the source, origin, sponsorship, and/or affiliation of Defendants' devices and services with BTL and the BTL Trademarks.

7. The Court finds that Defendants have infringed the BTL Trademarks in view of Defendants' unauthorized use of EMSCULPT, EMS SCULPT, EMS SCULPTING, EMS SLIMPRO, and HIFEM in connection with the promotion, marketing, advertising, offering for sale, or selling of Defendants' devices and services.

8. The Court finds that Defendants' infringement of BTL's patents and trademarks was willful and malicious within the meaning of 35 U.S.C. § 284 and 15 U.S.C. § 1117(b).

9. Plaintiff is awarded $375,000 against Defendants, jointly and severally, on all causes of action.

10. Plaintiff is awarded $1,144.83 in costs against Defendants, jointly and severally.

11. In addition, Plaintiff is further awarded a permanent injunction, permanently enjoining and restraining Defendants, and all those acting in concert or participation with Defendants, from:

     a. using the BTL Trademarks, including U.S. Trademark Registration Nos. 5,572,801; 6,069,279; 6,206,098; 5,915,636; and 5,688,619, or any reproduction, counterfeit, copy, or colorable imitation of the BTL Trademarks, including "EMSCULPT," "HIFEM," "EMS SLIMPRO," "EMS Sculpting," "EMS SCULPT," in any manner in connection with the promotion, marketing, advertising, offering for sale, or selling of any good or service that is not a genuine BTL device or service offered by a genuine BTL device;

     b. passing off, inducing, or enabling others to sell or pass off any good or service that is not authorized by BTL as being certified, approved, or authorized by BTL;

     c. committing any other acts calculated to cause consumers to believe that Defendants' goods or services are sold under the authorization, control, or supervision of BTL and approved by BTL for sale unless they are such; and

     d. using, making, selling, offering for sale, or importing into the United States, without BTL's authorization, devices that infringe BTL's U.S. Patent No. 9,636,519, including the Infringing Products identified in the Complaint.

**IT IS SO ORDERED.**

Dated: February 27, 2024

_____
HON. GEORGE H. WU,
United States District Judge